116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David LITMON, Jr., Plaintiff-Appellant,
v.
James H. GOMEZ; Eddie Ylst; Ivalee Henry; M. Montes;
Martin Veal; F.X. Chavez; Guillermina Hall; M.
Curioso; Sgt. Kholer, John Martin;
Albert Aliangan, Defendants-Appellees.
 No. 96-16966.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
June 19, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-91-01237-DFL, David F. Levi, District Judge, Presiding.
 MEMORANDUM*
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 David Litmon, Jr., a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Litmon' § 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 2
 Litmon contends that the district court erred by finding that defendants unconstitutionally exposed Litmon to environmental tobacco smoke. This contention lacks merit because Litmon failed to show that defendants were deliberately indifferent to Litmon's requests to be celled with a non-smoker. See Helling v. McKinney, 509 U.S. 25, 35 (1993). Litmon also failed to create a genuine issue of material fact that defendants were deliberately indifferent to Litmon's safety in the enforcement of the prison's no-smoking policy. See id.
 
 
 3
 Litmon contends that defendants were deliberately indifferent to his medical problems, including breathlessness, sore throats, congested lungs, headaches, lack of sleep, and mental irritability. This contention lacks merit because Litmon failed to show that defendants either purposefully ignored or failed to respond to his medical problems. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).
 
 
 4
 Litmon contends that defendants unconstitutionally refused to provide him with a winter jacket. The record reveals, however, that Litmon refused to follow prison procedure, which required him to sign a Trust Withdrawal Form in order to receive the jacket. Litmon failed to show that defendants were deliberately indifferent when they did not provide him with a winter coat. See Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir.1994).
 
 
 5
 Accordingly, the district court did not err by granting summary judgment in favor of defendants. See Bagdadi, 84 F.3d at 1197.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal